UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL JOSEPH DAVIS, SR., )<br>            Plaintiff,          )<br>                                        )<br>        v.                              )<br>                                        )<br>MIDDLESEX SHERIFF'S OFFICE, ET AL., )<br>            Defendants.       ) | C.A. No. 09-11209-EFH |

MEMORANDUM AND ORDER FOR DISMISSAL

HARRINGTON, S.J.

On February 8, 2010, a Memorandum and Order (Docket No. 11) issued directing Plaintiff Michael Joseph Davis ("Davis") to demonstrate good cause why this action should not be dismissed for the reasons stated therein, within 42 days, or file a Second Amended Complaint curing the pleading deficiencies.

To date, Davis has failed to file any show cause Response or Second Amended Complaint in compliance with the Memorandum and Order, and the time period for doing so has expired.

The Court notes that because Davis filed another civil action indicating that he was in custody at the Plymouth County House of Correction ("PCCF") rather than the Billerica House of Correction ("BHC"), copies of the Memorandum and Order were mailed to Davis at both facilities, notwithstanding that Davis failed to notify this Court of any change of mailing address. On February 16, 2010, the mail sent to BHC was returned to this Court as undeliverable, with the reason that the mail was not deliverable as addressed and the postal service was unable to forward the mail. Thereafter, on February 23, 2010, the mail sent to Davis at PCCF also was returned as undeliverable with the notation that Davis was "gone."

This Court's Local Rules require a litigant to advise of any change of address in order to receive notice of rulings. See United States District Court for the District of Massachusetts

Local Rule 83.5.2(e) ("Change of Address. Each attorney appearing and each party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number.  Notice under this rule shall be filed in every case. Any attorney or party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice. Notice mailed to an attorney's or party's last address of record shall constitute due notice contestable only upon proof of a failure to mail delivery.").

Accordingly, in accordance with Local Rule 83.5(2)(e), this Court deems that Davis had due notice of the directives contained in the Memorandum and Order (Docket No. 11), and the failure to comply with these directives constitutes grounds for dismissal.  In light of this, and for the reasons set forth in the Memorandum and Order (Docket No. 11) outlining the various legal impediments to Davis's claims, it is hereby Ordered that the above-captioned matter is DISMISSED in its entirety.

SO ORDERED.


April 13, 2010                             /s/ Edward F. Harrington
DATE                                       SENIOR, UNITED STATES DISTRICT JUDGE